Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
David C. Parisi
dcparisi@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Ryan D. Andrews (*Pro Hac Vice*)
randrews@edelson.com
Ari J. Scharg (*Pro Hac Vice*)
ascharg@edelson.com
John C. Ochoa (*Pro Hac Vice*)
jochoa@edelson.com
EDELSON MCGUIRE LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA ELLISON, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN MADDEN, LTD., a Delaware corporation,<br><br>Defendant, | CV-11-05935 PSG-AGR<br><br>**PLAINTIFF'S RESPONSE TO THE WITHDRAWAL OF THE CONSTANCE GIRATOS OBJECTION**<br><br>**Date: February 25, 2013**<br>**Time: 1:30 p.m.**<br><br>Hon. Philip S. Gutierrez |

Pursuant to Federal Rule of Civil Procedure 23(e)(5), the purported objection of Constance Giratos cannot be withdrawn without approval from this Court.  For the reasons that follow, this Court should refuse to approve the withdrawal of the objection at this time.

1.     Objector Constance Giratos is represented by a group of attorneys that have a demonstrated history of acting as professional serial objectors to class action settlements.  These lawyers have collectively submitted over 25 meritless boilerplate[1] objections for one purpose: to block the class from obtaining relief by filing an appeal when their objections are inevitably overruled and then extracting a personal payday in exchange for dismissal of the appeal.  The chart attached hereto as Exhibit B catalogs the serial nature of these professional objectors.

2.     The Federal Judicial Center has warned courts to "[w]atch out … 'for canned objections filed by professional objectors who seek out class actions to simply extract a fee by lodging generic, unhelpful protests.'" Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, *Managing Class Action Litigation: A Pocket Guide for Judges*, at 11 (2005) (quoting *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 973 (S.D. Tex. 2000)).  Courts are furthered cautioned to be "wary of self-interested professional objectors who often present rote objections to class counsel's fee requests and add little or nothing to the fee proceedings." *Id*. at 24; *see also In re Checking Account Overdraft Litig.,* 830 F. Supp. 2d 1330, 1361, n. 30 (S.D. Fla. 2011) ("[P]rofessional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors.  Literally nothing is gained from the cost: Settlements are not restructured and the class, on whose benefit the appeal is purportedly raised, gains nothing.").

---

[1] Objector Aileen Connors and her sister (also counsel here) were represented by attorneys Miller, Fortman, and Kress and filed a nearly identical objection, the verbatim copied parts of which are highlighted in the copy attached hereto as Exhibit A.

3.     The history of these professional objectors aside, current evidence and these lawyers' own actions in this case suggest that such a scenario is presently occurring with the objection here:

- The opening paragraph of the Objection affirmatively states that Ms. Giratos is a "class member"[2] and that the "telephone number on which text messages were received is (314) 280-3769."  (Dkt. 53, pg. 2:3-4.)

- After receiving a copy of the Objection, Class Counsel and the Settlement Administration both searched for the above referenced phone number in the list of all phone numbers to whom text messages were sent that was produced by the Defendant in discovery and provided to the Settlement Administrator (the "Class List").  Neither search found (314) 280-3769 to be on the class list.  (Declaration of Jay Edelson, ¶ 4, attached hereto as Exhibit C; Declaration of Mallory Sander, ¶ 4, attached hereto as Exhibit D.)

- Class Counsel informed counsel for the objectors that the number they affirmatively stated received the text messages at issue was not on the Class List and asked them to confirm its accuracy.  In response, Objector's counsel John C. Kress wrote: "I apologize for the confusion with the cell phone number.  Here is the correct number: (314) 740-3169."  (Edelson Decl. ¶ 6)  This number was not on the Class List either.  (Edelson Decl. ¶ 7; Sander Decl. ¶ 4.)

- When Class Counsel informed Kress that the "correct" cell phone number he provided was similarly not on the Class List, he initially claimed that she had received the notice and recalled being "annoyed" after receiving the text messages.  (Edelson Decl. ¶ 8.)  Kress later backed away from these statements and sought to withdraw the objection.  (Dkt. 54.)

- Although Kress would like the Court and Class Counsel to believe the issues with Ms. Giratos were a simple mistake, that is simply not true: prior to filing their objection they confirmed that Aileen Connors was on the Class List by calling the Settlement Administrator and asking.[3]

---

[2] To be a Class Member under the Settlement and the Court's Preliminary Approval Order, a person must have been sent a text message promoting Defendant Steve Madden products and events from short codes 91919 or 623336 between July 2010 and September 25, 2012.  (Dkt. 45.)

[3] There are also unusual circumstances surrounding the call seeking to confirm Aileen Connors was a member of the Class.  The individual that called initially provided an incorrect home address and telephone number that did not appear on the Class List.  Only after the Settlement Administrator volunteered the cell phone number did the individual claiming to be Aileen Connors acknowledge it was an "old phone number," and even then had to have the number repeated to her.

(Sander Decl. ¶ 3.)

4.      Due to the history of these professional objectors filing meritless objections and then appealing in order to extort a pay-off, Class Counsel determined it prudent, in order to protect the interests of the Class and ensure a complete record for both this Court and the inevitable appeal, that they acquire further information about the objectors' and their counsels' motivation.  To that end, after meeting and conferring with Defense counsel, the subpoenas attached as Exhibit E were issued.

5.      Although discovery on professional-objector counsel and class members is proper in these circumstances, *see e.g In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533-34 (N.D. Cal. 2012), Objectors' counsel have indicated that they will not respond, will move to quash each of the subpoenas in Colorado, Missouri, and Ohio, and will somehow be requesting sanctions. (Edelson Decl. ¶ 9.)  Class Counsel are confident that these efforts will be unsuccessful and will move to compel responses if necessary.[4]

6.      Given the highly questionable circumstances surrounding the filing and subsequent withdrawal of Ms. Giratos's objection, the Court should not approve its withdrawal pursuant to Fed. R. Civ. P. 23(e)(5) until either the subpoenas are complied with or the Objectors otherwise demonstrate their objection was filed in good faith and not for an improper purpose on behalf of a known non-Class member.

For the foregoing reasons, Plaintiff respectfully requests that the Court not approve the withdrawal of the Objection of Constance Giratos (dkt. 54) when and until either the subpoenas are complied with or the Objectors otherwise demonstrate their objection was filed in good faith and not for an improper purpose

---

[4] Class Counsel will separately file a Response detailing the reasons the Objection lacks merit.  In corresponding with Objector's counsel, Class Counsel repeatedly offered to discuss their factual and legal misunderstanding about the settlement, but Objectors' counsel have refused to engage in any such discussions.

1 | on behalf of a known non-Class member, or their objection is withdrawn in its
2 | entirety.

3

4 | Dated: January 17, 2013                 Respectfully Submitted,

5
                                          SAMANTHA ELLISON, individually and
6                                         on behalf of a class of similarly situated
                                          individuals,
7

8                                         /s/ Ari J. Scharg
9                                         Class Counsel

10                                        Suzanne Havens Beckman (SBN 188814)
                                          shavens@parisihavens.com
11                                        David C. Parisi
                                          dcparisi@parisihavens.com
12
                                          PARISI & HAVENS LLP
13                                        15233 Valleyheart Drive
14                                        Sherman Oaks, CA 91403
                                          Telephone: (818) 990-1299
15                                        Facsimile: (818) 501-7852

16
                                          Ryan D. Andrews (*Pro Hac Vice*)
17                                        randrews@edelson.com
18                                        Ari J. Scharg (*Pro Hac Vice*)
                                          ascharg@edelson.com
19                                        John C. Ochoa (*Pro Hac Vice*)
                                          jochoa@edelson.com
20
                                          EDELSON MCGUIRE LLC
21                                        350 North LaSalle, Suite 1300
22                                        Chicago, IL 60654
                                          Telephone: (312) 589-6370
23                                        Facsimile: (312) 589-6378

24

25

26

27

28

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I caused to be served the above and foregoing *Plaintiff's Response to the Withdrawal of the Constance Giratos Objection* to all counsel of record via email and the court's CM/ECF system on this, the 17th day of January, 2013.


/s/ Ari J. Scharg